470 F.2d 995
 Alvin H. FRANKEL, Administrator of the Estate of Anthony
Recchia, Deceased
v.
LULL ENGINEERING COMPANY, INC., Appellant in No. 71-2165.
The RANSOME CORPORATION, Appellant in No. 71-2172,
v.
Guido Carl RECCHIA, Individually and Trading as G. C.
Recchia Brickwork.
 Nos. 71-2165, 71-2172.
 United States Court of Appeals,
Third Circuit.
 Argued Oct. 30, 1972.
Decided Jan. 11, 1973.
 
 J. Grant McCabe, III, Rawle & Henderson, and F. Hastings Griffin, Jr., Dechert, Price & Rhoads, Philadelphia, Pa., for appellants.
 David F. Binder, Raynes, McCarty & Binder, Philadelphia, Pa., for appellee.
 Before KALODNER, ADAMS and MAX ROSENN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 This is a wrongful death action on behalf of the widow and minor children of Anthony Recchia, combined with a survival action on behalf of his estate, under Pennsylvania law.
 
 
 2
 Recchia was killed while operating a high-lift loader on an outdoor apartment building construction site on July 24, 1965, when the loader overturned while he allegedly was backing away from the partially-constructed building. The loader was manufactured by co-defendant, Lull Engineering Company, Inc. It was sold by Lull to co-defendant, The Ransome Corporation. Ransome, in turn, sold it to the third-party defendant, the decedent's employer, on a lease-purchase arrangement. The case was brought and tried under both theories of strict liability pursuant to Section 402A of the Restatement of Torts Second and negligence.
 
 
 3
 Trial on the issue of liability began on September 14, 1970, and concluded on September 24, 1970, with findings by a jury in answer to special interrogatories. On the basis of these findings, the trial court entered judgment in favor of the plaintiff and against both defendants. Also, a jury finding was made and a judgment entered in favor of the third-party defendant.
 
 
 4
 In answer to the special interrogatories, the jury found that the accident had occurred because the high-lift loader involved was in a defective condition, unreasonably dangerous to the user, as a result both of design defects for which co-defendant Lull was responsible, and of defects in the loader's brakes and steering for which co-defendant Ransome was responsible. The jury also found that both defendants were negligent; that their negligence was a proximate cause of the accident; and finally that the decedent had neither assumed the risk nor been contributorily negligent.
 
 
 5
 After the verdict on liability, by agreement of the parties damages were assessed in favor of the plaintiff in the amount of $250,000. Each defendant then filed motions for judgment n. o. v. and for a new trial. The motions were denied by the trial judge in an opinion and order dated October 22, 1971, 334 F. Supp. 913.
 
 
 6
 After carefully reviewing the record and the briefs, and hearing oral argument, we conclude there was no reversible error.
 
 
 7
 Accordingly, the judgment of the district court will be affirmed.